**Pamela Anderson LEE; Tommy Lee, Plaintiffs—Appellants,**

**v.**

**INTERNET ENTERTAINMENT GROUP, INC., a Delaware corporation, Defendant—Appellee.**

**No. 99–55205.**

**D.C. No. CV–98–01385–DDP.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 10, 2002.

Decided April 22, 2002.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Before REINHARDT and GRABER, Circuit Judges, and HUNT,* District Judge.

## MEMORANDUM**

Plaintiffs Pamela Anderson Lee and Tommy Lee sued Defendant Internet Entertainment Group, Inc. (IEG), in California Superior Court. The suit concerned IEG's threatened broadcast of an allegedly stolen videotape that depicted Plaintiffs engaged in intimate acts. After Plaintiffs filed suit, IEG broadcast the video on its websites for about four hours.

The parties reached an agreement to settle the state-court suit (the Settlement). Thereafter, IEG continued to distribute the videotape on the Internet. IEG also expanded distribution beyond the Internet, disseminating the tape on DVD and VHS through retail stores. Plaintiffs then filed this action in federal district court, urging that the Settlement did not cover continued distribution. The district court granted summary judgment in favor of IEG. On de novo review, we affirm in part and reverse in part.

Referring to the state-court suit, the Settlement contains a broad, mutual release:

[The parties] hereby *expressly waive and release any and all claims,* demands, liabilities, obligations, debts, costs, and causes of action *of any kind or character (including,* but not limited to, privacy, right of publicity under Cal. Civ.Code § 3344, statutory commercial misappropriation, common law commercial misappropriation, claim and delivery, receiving stolen property, conversion, *copyright,* unfair competition, common law trademark law or its functional equivalent, defamation, false light, and claims under the Lanham Act) whether known or unknown, suspected or unsuspected against each other … *arising out of or in any way related to the facts underlying the Action.*

(Emphasis added.)

■ Because the release covers all claims that could arise out of the "facts underlying the Action," the factual allegations contained in the state-court complaint determine the scope of the release. Although Plaintiffs did not rely on a theory of copyright infringement in the state-court suit, the release covers such potential claims for two reasons. First, the Settlement specifically identifies "copyright" claims in the recitation of released causes of action. Second, the text releases all claims arising out of the *facts* underlying the state-court suit. Because a copyright claim could have been brought on the facts alleged in the state-court complaint, even though it was not, the release applies.

Additionally, the Settlement plainly covers future conduct by IEG. No reasonable juror could read the agreement to govern only the single episode in which IEG broadcast the videotape for four hours.

---

* The Honorable Roger L. Hunt, United States District Judge for the District of Nevada, sitting by designation.

888

The state-court complaint is forward looking; indeed, the four-hour Internet broadcast had not occurred yet when Plaintiffs filed their complaint in state court.

■ However, drawing all inferences in Plaintiffs' favor, there remains an issue of fact as to whether the Settlement covers only Internet distribution, as Plaintiffs contend, or whether it extends to distribution of the tape on VHS and DVD via retail stores, as the district court held. The state-court complaint emphasized Internet distribution even though it discussed both Internet distribution and traditional retail distribution. Some of the extrinsic evidence in the record suggests that the parties intended that the Settlement cover only Internet distribution. For example, Plaintiffs' lawyer stated that the parties had discussed only Internet distribution during negotiations. Additionally, IEG's president was quoted in a newspaper article shortly after the state-court lawsuit was filed as saying that IEG had "no plans" to sell hard copies of the videotape–"Never." Because a reasonable juror could conclude that the Settlement released only claims related to Internet distribution of the videotape, we reverse the district court's grant of summary judgment in favor of IEG as to that issue.

AFFIRMED in part; REVERSED in part and REMANDED for further proceedings consistent with this disposition. The parties to bear their own costs on appeal.